**Marvin F. KRESS, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRATION, Respondent.**

No. 01–3136.

United States Court of Appeals, Federal Circuit.

June 29, 2001.

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Marvin F. Kress appeals from the November 17, 2000 final order of the Merit Systems Protection Board ("MSPB"), docket no. CH–1221–99–0598–W–1, which denied Kress's petition for review of the MSPB's April 10, 2000 initial decision. In its initial decision, the MSPB denied Kress's request for corrective action, which was based on his assertion that the General Services Administration ("GSA") failed to select Kress for reassignment to a GS–9 building services representative position in Lincoln, Nebraska in reprisal for disclosures he made that were protected under the Whistleblower Protection Act. We *affirm*.

## BACKGROUND

On June 28, 1995, Kress, a building service representative in Lincoln, Nebraska, notified GSA's Office of Inspector General ("OIG") of several occurrences that constituted, to Kress's belief, fraud and waste in the operation and maintenance of a federal building. In July 1997, GSA declined to select Kress for reassignment to the position of building service representative in Lincoln, Nebraska. Kress exhausted corrective action from the Office of Special Counsel and subsequently filed suit with the MSPB. Kress asserted that his nonselection in July 1997 constituted reprisal for his June 1995 disclosures to the OIG.

In its initial decision, the MSPB determined Kress failed to establish that any information concerning his June 1995 disclosures reached the individuals involved in this personnel action. The administrative judge further stated that she was unable to conclude that anyone relevant to

the appeal would know that only Kress possessed the requisite knowledge to lodge the June 1995 OIG complaint, as Kress alleged. The MSPB also considered testimony from the selecting official and the reviewing official, each of whom testified to being unaware that Kress had complained to the OIG. In sum, the administrative judge determined that Kress failed to establish the pertinent GSA officials had knowledge of his disclosures. Further, the administrative judge stated that because the non-selection occurred two years after Kress's June 1995 disclosures to the OIG, a reasonable person could not conclude that the disclosures were a contributing factor in the July 1997 personnel action. Accordingly, the MSPB held that Kress failed to establish by preponderant evidence that his June 1995 disclosures constituted a contributing factor to his non-selection for reassignment and therefore, denied Kress's request for corrective relief.

The MSPB summarily denied Kress's petition for review in its final order. This appeal follows the aforementioned events.

## DISCUSSION

We may reverse a decision of the MSPB if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, or regulation having been followed; or (3) unsupported by substantial evidence, 5 U.S.C. § 7703(c) (1994).

In considering whether reprisal for whistleblowing activity occurred and whether corrective action is warranted, the MSPB must determine whether Kress has shown by a preponderance of the evidence that a disclosure described in 5 U.S.C. § 2302(b)(8) was a "contributing factor" in the agency's personnel action.[1] 5 U.S.C. § 1221(e)(1) (1994); *Kewley v. Department of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). An employee may demonstrate that such a disclosure was a contributing factor in the personnel action via circumstantial evidence indicating: (1) the official taking the personnel action knew of the disclosure; and (2) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1)(A) & (B). Only if the disclosure was a contributing factor does the burden shift to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. 5 U.S.C. § 1221(e)(2); *Kewley*, 153 F.3d at 1361.

The administrative judge heard testimony from both the selecting official and the reviewing official. Each testified to a lack of awareness of any complaint Kress made to the OIG. The administrative judge also considered whether Kress established that the selecting official and another member on the selection panel had knowledge of Kress's whistleblowing activity based on their positions in the GSA employment hierarchy.[2] In light of the evidence, the administrative judge determined that Kress failed to establish that the pertinent agency officials had knowledge of Kress's disclosures. Under the applicable standard of review, we can reverse the MSPB's factual findings only if they are unsupported by substantial evidence. 5 U.S.C. § 7703(c). Further, an evaluation of witness credibility is within the discretion of the MSPB and such eval-

---

1. GSA does not dispute that Kress made protected disclosures under 5 U.S.C. § 2302(b)(8) in his June 1995 letter to the OIG.

2. Kress does not contend that the third member of the selection panel, Mary Kosmicki, had any knowledge of his whistleblower activity.

uations are "virtually unreviewable" on appeal. *King v. Department of Health and Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir.1998) (citation omitted). The MSPB's determination that Kress failed to show by a preponderance of the evidence that the selecting and reviewing officials had knowledge of Kress's disclosures is supported by substantial evidence. Therefore, the MSPB did not abuse its discretion by holding that the disclosures were not a contributing factor in the personnel action.[3] Moreover, the personnel action occurred more than two years after the disclosure to the OIG; therefore, Kress could not rely on proximity to show that the disclosure was a contributing factor in the personnel action.

Kress's other arguments lack merit. Consequently, the final decision of the Merit Systems Protection Board is affirmed.

---

**3.** We note with great concern that GSA violated Fed. Cir. R. 47.6 by citing several nonprecedential cases in its brief to this court. Respondent Br. at 8 (citing *Barry v. Department of Treasury*, 173 F.3d 435 (Fed.Cir.1998)); Respondent Br. at 11, 14 (citing *Ramey v.* *United States Postal Serv.*, 178 F.3d 1312 (Fed. Cir.1999)); Respondent Br. at 12 (citing *Holtgrewe v. FDIC*, 152 F.3d 944 (Fed.Cir.1998)). This improper practice should not be repeated. In spite of the citations, however, the outcome of this case is not affected.